UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HENRY BERRY,                     :
                                 :
    Plaintiff,                   :
                                 :
v.                               :   Case No. 3:18-CV-851 (AWT)
                                 :
PEQUOT LIBRARY ASSOCIATION,      :
ET AL.,                          :
                                 :
    Defendants.                  :

## RULING AND ORDER

Plaintiff Henry Berry, proceeding pro se, brings this action under 42 U.S.C. §§ 1983, 1985, against the Pequot Library Association ("the Library"), and persons associated with the Library, alleging that the defendants have violated his rights under the First and Fourteenth Amendments. The gist of plaintiff's complaint appears to be that since 2015 he has been prohibited from using the Library in retaliation for an email he sent to Library staff making allegations about a conspiracy against him involving the FBI. Following receipt of the email, Library staff contacted the Fairfield Police Department and complained that plaintiff was engaging in behavior at the Library that disrupted their ability to do their jobs and made them fear for their safety. As a result, plaintiff was warned by members of the Fairfield Police Department that he was not allowed to return to the Library and if he did return he would be subject to arrest for trespassing.

The case is now before the Court on plaintiff's motion for a temporary restraining order ("TRO") prohibiting the defendants from denying him access to the Library's annual summer book sale, which is scheduled to take place this weekend, from July 27 to July 31, 2018 (ECF

No. 12).[1] Plaintiff states that before filing the motion for a TRO, he sought permission from the defendants to attend the sale and his request was refused.

In determining whether to issue a TRO, the key factors are: (1) whether the plaintiff has demonstrated that he is likely to suffer irreparable harm in the absence of an injunction; and (2) whether the plaintiff has demonstrated either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor. See Salinger v. Colting, 607 F.3d 68, 79 (2d Cir. 2010). Having considered these factors in light of the current record, I conclude that the requested TRO should not be issued.[2]

The record does not support a finding that the plaintiff will suffer irreparable harm unless he is able to attend the sale. As defendants point out, he has not attended the sale since the alleged incidents in 2015, and he does not explain why he would be irreparably harmed if he is unable to attend the sale this year. Plaintiff's failure to seek a TRO in prior years suggests that any harm he might suffer is not sufficiently serious to justify an injunction. Indeed, his failure to

---

[1] As noted in the order to show cause (ECF No. 14), the motion for a TRO has been referred to the undersigned as the duty judge for Hartford.

[2] Defendants argue that the requested injunction should be considered "mandatory" rather than "prohibitory." When a plaintiff seeks a "mandatory injunction" - i.e., "an injunction [which] will alter, rather than maintain, the status quo" - he must make a "clear" or "substantial" showing of likelihood of success. See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 34 (2d Cir. 1995). Generally, a mandatory injunction "is said to alter the status quo by commanding some positive act." Id. Here, it appears that plaintiff has been warned by Library staff and the Fairfield Police that he will be arrested for trespassing if he returns to the Library. See Police Reports (ECF No. 15-3). Thus, the requested injunction would alter the status quo in that it would prohibit the defendants from reporting plaintiff to the police. It is not necessary to decide whether the requested injunction would be "mandatory" or "prohibitory" because plaintiff fails to meet either standard. See id. (noting that "[t]he distinction between mandatory and prohibitory injunctions is not without ambiguities or critics").

seek a TRO until just a few days before this year's sale detracts from his claim of irreparable harm.³

With regard to the merits of the underlying claims, plaintiff cannot prevail unless he proves that, in complaining to the police about him and denying his request to access to the Library, the defendants have acted "under color of state law." See 42 U.S.C. § 1983. To establish that a nominally private entity acts "under color of state law," a plaintiff must prove "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (quotations omitted). Assuming for present purposes that the plaintiff likely will be able to prove that the defendants have acted and are acting under color of state law, he still cannot prevail unless he proves that his constitutional rights have been violated. On the record before me, I think it is unlikely he will be able to do so. See Mpala v. City of New Haven, Case No. 3:11cv1724, 2013 WL 657649 (D. Conn. Feb. 22, 2013) (dismissing similar claims), aff'd, 577 Fed. Appx. 20 (2d Cir. Aug. 26, 2014).

Defendants contend that plaintiff's suit is subject to dismissal in light of previous litigation between the parties. In separate lawsuits against some of the defendants in this case and members of the Fairfield Police Department, now consolidated in Berry v. Montilla, No. 3:16-cv-530 (AWT) (D. Conn.) (ECF Nos. 64, 69) (consolidating 16-cv-1396 and 16-cv-1751), plaintiff alleged violations of the First and Fourteenth Amendments based on the same underlying events

---

³ When an applicant for a TRO demonstrates that injunctive relief is necessary to avoid deprivation of a constitutional right, such as the right to free speech, no further showing of irreparable harm may be necessary. However, plaintiff has not shown that he has a First Amendment right to attend the sale, such that denying him access to the sale would constitute irreparable harm.

at issue here.  The Court dismissed the claims in a ruling that identified the specific allegations plaintiff would have to make in order to state plausible claims.  See Ruling on Motions to Dismiss, at 27-39, id. (ECF No. 91).  The amended complaint falls short of satisfying those requirements.

Generously construed, plaintiff's allegations may arguably provide fair ground for litigation.  Giving him the benefit of the doubt on this point, in deference to his pro se status, I have considered whether the record supports a finding that the balance of hardships tips decidedly in his favor.  I conclude that it does not.  As mentioned earlier, the plaintiff has not explained in any detail the hardship he would suffer if he is unable to attend the book sale.  Assuming his interest is entitled to some weight, I have considered the hardship the TRO could cause the defendants.  Defendants, through counsel, have represented that plaintiff's attendance at the sale involves a risk of significant disruption and would require them to take security measures.   On this record, I cannot find that the balance of hardships tips decidedly in favor of the plaintiff.

Accordingly, the motion for a TRO is hereby denied.  The Clerk will notify plaintiff by telephone that this order has been issued.

So ordered this 26th day of July 2018.

/s/
Robert N. Chatigny, U.S.D.J.